UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAFFRON REWARDS, INC.,<br>　　　　　Plaintiff,<br>　v.<br>ALEX ROSSIE,<br>　　　　　Defendant. | Case No. 22-cv-02695-DMR<br><br>**ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 20 |

    Plaintiff Saffron Rewards ("Saffron") alleges that its co-founder Defendant Alex Rossie breached his contractual and legal obligations to Saffron after Rossie left the company. According to Saffron, the company was co-founded by Rossie and non-party Saumil Nanavati to democratize co-branded reward cards for businesses of every size. Declaration of Saumil Nanavati ¶ 3 [Docket No. 20-5.] Rossie and Nanavati served as members of Saffron's board of directors. Rossie was specifically responsible for various technical aspects of the company. *Id.* ¶¶ 3-4. On November 10, 2021, Saffron and Rossie entered into a Technology Assignment Agreement in which Rossie assigned, among other things, all technology and intellectual property rights to Saffron. *Id.* ¶ 5. From that date until February 23, 2022, Rossie created numerous online business accounts through third-party vendors that Saffron requires to conduct its business, including software development, communications, website development, and finance (the "Company Accounts"), assigning himself sole ownership and administrator access rights. *Id.* ¶¶ 6-8. On February 23, 2022, Rossie stopped providing services to Saffron and terminated his engagement with the company, although he remained on the board of directors until April 29, 2022. *Id.* ¶ 9. Over the ensuing weeks, Rossie refused to comply with Saffron's requests to return company property and continued to withhold access to Saffron's Company Accounts. *Id.* ¶¶ 10-11, 17-19. Consequently, Saffron filed this

1    lawsuit against Rossie on May 4, 2021 alleging (1) breach of the Technology Assignment
2    Agreement; (2) breach of the fiduciary duty of loyalty; (3) breach of the implied covenant of good
3    faith and fair dealing; (4) a violation of the federal Computer Fraud and Abuse Act ("CFAA"), 18
4    U.S.C. § 1030, and (5) conversion. [Docket No. 1.] Rossie has since moved to dismiss the claims
5    against him. [Docket No. 14.]
6        On July 11, 2022, Saffron filed this ex parte application for temporary restraining order
7    and for an order to show cause why a preliminary injunction should not be issued, with supporting
8    declarations from Nanavati and Saffron's counsel April Sun. [Docket No. 20.] Saffron seeks an
9    immediate order requiring Rossie to return administrator access to the Company Accounts.
10   [Docket No. 20-10.]
11       Federal Rule of Civil Procedure 65(b) authorizes a temporary restraining order only when
12   the moving party can satisfy the following strict criteria:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see* Civ. L.R. 65-1. The "circumstances justifying the issuance of an ex parte order are extremely limited," given that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 94 (1974)).

Saffron's application for a TRO is denied. Saffron addresses irreparable harm, but not its immediacy. [*See* Docket No. 20-1 at 12.] It fails to establish that immediate and irreparable injury will occur before Rossi can be heard in opposition, as required by Rule 65(b). Saffron filed the complaint on May 4, 2021. As demonstrated by the evidence proffered in support of this application, the facts have not materially changed in the months since this lawsuit was filed, except that Saffron acknowledges that access issues have now been resolved with respect to one of the Company Accounts. *See* Declaration of April Sun ¶ 6 [Docket No. 20-2.] The fact that

United States District Court
Northern District of California

Saffron waited over two months since filing the complaint to move for a temporary restraining order further demonstrates that the harm is not so immediate that action must be taken before both sides have a full opportunity to be heard. *See Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1097 (N.D. Cal. 2012) (finding that "Plaintiff's delay in requesting a TRO militates against its issuance. Parties spurred on by the threat of or actual immediate irreparable harm file for TROs as quickly as possible to head or stave it off.").

Accordingly, Saffron's application is denied without prejudice to its ability to seek other forms of preliminary relief if appropriate.

**IT IS SO ORDERED.**

Dated: July 12, 2022



Donna M. Ryu
Judge Donna M. Ryu
United States Magistrate Judge

3